KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
William Will and Cynthia Will

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Will and Cynthia Will, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, William & Cynthia Will, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, William & Cynthia Will (hereafter "Plaintiffs"), are adult individuals residing in Goodyear, Arizona, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Portfolio Recovery Associates, L.L.C. (hereafter "Portfolio"), is a company with an address of 120 Corporate Boulevard, Norfolk, Virginia 253502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Portfolio Engages in Harassment and Abusive Tactics**

12.     Within the last year, Portfolio contacted Plaintiffs in an attempt to collect the Debt.

13.     Portfolio contacted Plaintiffs at an excessive and harassing rate, sometimes placing as many as five (5) calls a day to Plaintiffs in an attempt to collect the Debt.

14.     Portfolio contacted Ms. Will's place of employment in an attempt to collect the Debt.

15.     Portfolio spoke with one of Ms. Will's coworker. Portfolio disclosed the existence of the Debt to Ms. Will's coworker.

**C.     Plaintiffs Suffered Actual Damages**

16.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, et seq.

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

21. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

# COUNT II

# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Arizona state law.

28. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs by disclosing information to third parties.

29. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

32. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

6

# COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

36. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiffs is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages;

F. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341.

G. For Plaintiffs' reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01. and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | |
|---|---|
| DATED:  October 25, 2011 | LEMBERG & ASSOC., LLC |
| | |
| | By: __/s/  *Kindra Deneau*__<br>Kindra Deneau<br>Lemberg & Associates, LLC<br>Attorney for Plaintiffs<br>William & Cynthia Will |